**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRISTOFER CABRERA MEJIA, | Case No.: 2:26-cv-00475-APG-EJY |
| Petitioner | **Order (1) Granting Amended Petition for a Writ of Habeas Corpus in Part and (2) Denying Respondents' Motion to Dismiss as Moot** |
| v. | |
| TODD BLANCHE, et al., | [ECF Nos. 15, 17] |
| Respondents | |

Petitioner Cristofer Cabrera Mejia is a citizen of the Dominican Republic who is currently being detained by Immigration and Customs Enforcement (ICE). ECF No. 15 at 3. He entered the United States through JFK International Airport in New York as a Lawful Permanent Resident in July 2023 and moved in with his mother in Utah. *Id.* at 2.

In January 2025, Cabrera Mejia was convicted of misdemeanor possession of a controlled substance and misdemeanor retail theft in Utah state court. ECF No. 16-1 at 3. He was transferred into ICE custody in June 2025 and has remained detained since then. *Id.*

ICE commenced removal proceedings against Cabrera Mejia, charging him as removable under 8 U.S.C. § 1227(a)(2)(B)(i) due to his conviction for possession of a controlled substance. *Id.* at 3-4. An Immigration Judge (IJ) found that he was removable and ineligible for asylum, withholding of removal, and protection under the Convention Against Torture. ECF No. 16-2 at 2-3. His administrative appeal of that order to the Board of Immigration Appeals was dismissed. *Id.* He appealed the order to the Ninth Circuit, and that court stayed his removal order. ECF No. 15 at 2.

While in ICE custody, Cabrera Mejia received a bond hearing before an IJ in February 2026. ECF No. 16-3 at 2.  The IJ denied bond, finding that Cabrera Mejia had not met his burden to prove he was not a danger to the community nor a flight risk. *Id.*

Cabrera Mejia filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking his release or a bond hearing where the government bears the burden of proof to demonstrate his detention is warranted.

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

Cabrera Mejia argues his detention without a constitutionally adequate bond hearing violates the Fifth Amendment.  He contends an adequate bond hearing would place the burden on the government to justify the denial of bond by clear and convincing evidence and that the IJ

should consider alternative release conditions and his financial circumstances.  In response,[1] the government raises a statutory argument, arguing that he is lawfully detained under § 1226(c)(1)(B).  Section 1226(c)(1)(B) does not permit detained noncitizens convicted of certain crimes to have a bond hearing.  Cabrera Mejia agrees § 1226(c) governs his detention, but he notes that the government did not respond to his constitutional arguments. ECF No. 18 at 2.

The government's failure to respond constitutes consent that I rule for Cabrera Mejia on the constitutional issue and order the relief he requests. LR 7-2(d); *Rodriguez v. Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685, at *4 (D. Nev. Apr. 1, 2026).  Therefore, I grant Cabrera Mejia's petition and order that he receive a bond hearing where the government bears the burden of proving by clear and convincing evidence that he should be detained.[2]  If the IJ determines that Cabrera Mejia is bond eligible, the IJ must also consider Cabrera Mejia's financial circumstances and alternative release conditions when setting the monetary bond amount. *Hernandez v. Sessions*, 872 F.3d 976, 990-91, 994 (9th Cir. 2017).

I THEREFORE ORDER that petitioner Cristofer Cabrera Mejia's petition for a writ of habeas corpus **(ECF No. 15) is GRANTED in part**.

---

[1] The government stylized its response as a motion to dismiss.

[2] In other orders on immigration habeas petitions, I have independently raised *Rodriguez Diaz v. Garland,* 53 F.4th 1189 (9th Cir. 2022) to address whether the petitioner is entitled to a burden shifted bond hearing because I concluded it likely would be clear error not to do so for noncitizens detained under § 1226(a). *See, e.g., Salinas v. Mattos*, No. 2:26-cv-00313-APG-NJK, 2026 WL 1256386, at *3 (D. Nev. May 6, 2026).  *Rodriguez Diaz* held that, absent unique circumstances, the Fifth Amendment does not entitle a noncitizen detained under § 1226(a) to a bond hearing where the government bears the burden by clear and convincing evidence. 53 F.4th at 1210-12.  It justified its holding partly because § 1226(a) provides "substantially more extensive" procedural protections compared to other immigration detention provisions, such as § 1226(c). *Id.* at 1210.  Because the parties agree Cabrera Mejia is detained under § 1226(c), not (a), it is not clear legal error to not apply *Rodriguez Diaz* here.  And I will not raise arguments for the government where it has chosen not to respond to Cabrera Mejia's constitutional claim.

I FURTHER ORDER the respondents to provide Cabrera Mejia with an individualized bond hearing where the government bears the burden of proving by clear and convincing evidence that Cabrera Mejia is either a danger to the community or a flight risk in order to deny him bond.  The respondents must provide this hearing by June 16, 2026.  The respondents must notify Cabrera Mejia's counsel of the time and date of the hearing at least three days before the hearing.

I FURTHER ORDER that the Immigration Judge overseeing the new bond hearing must consider Cabrera Mejia's financial circumstances and alternative release conditions if the Immigration Judge determines Cabrera Mejia is bond eligible.

I FURTHER ORDER the parties must file a Joint Status Report by June 22, 2026 confirming compliance with this Order.  The status report must detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

I FURTHER ORDER that the respondents' motion to dismiss **(ECF No. 17) is DENIED as moot**.

DATED this 8th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4