**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CRISTOFER CABRERA MEJIA,

Petitioner

v.

TODD BLANCHE, et al.,

Respondents

Case No.: 2:26-cv-00475-APG-EJY

**Order Denying Motion to Enforce Order**

[**ECF No. 30**]

Cristofer Cabrera Mejia moves to enforce my June 2026 order that granted his amended petition for a writ of habeas corpus in part. I deny the motion.

Cabrera Mejia is a citizen of the Dominican Republic who entered the United States as a Lawful Permanent Resident in July 2023. ECF No. 15 at 2. In July 2024, Cabrera Mejia was convicted of one misdemeanor count of attempted obstruction of justice in Utah. ECF No. 30-2 at 3. In January 2025, he was convicted of misdemeanor possession of a controlled substance and misdemeanor retail theft in Utah. *Id.* He was transferred to Immigration and Customs Enforcement (ICE) custody in June 2025 and has remained detained since then. ECF No. 16-1 at 3.

ICE commenced removal proceedings against Cabrera Mejia, charging him as removable under 8 U.S.C. § 1227(a)(2)(B)(i) due to his conviction for possession of a controlled substance. No. 16-2 at 2. An Immigration Judge (IJ) found that he was removable and ineligible for asylum, withholding of removal, as well as protection under the Convention Against Torture. ECF No. 16-2 at 2–3. He appealed that decision to the Board of Immigration Appeals (BIA), which dismissed his appeal. *Id.* at 3. He then appealed to the Ninth Circuit, which stayed the removal order. ECF No. 15 at 2.

While in ICE custody, Cabrera Mejia received a bond hearing before an IJ in February 2026 but was denied bond because he had not met his burden to prove that he was not a danger to the community nor a flight risk. ECF No. 16-3 at 2. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 that same month, seeking release or another bond hearing. ECF No. 4. He subsequently filed an amended petition in which he argued that the bond hearing he had received was not constitutionally adequate on grounds that the government must bear the burden of proof to demonstrate that his detention is warranted. ECF No. 15 at 9–10. The government did not respond to this constitutional argument as well as his requested relief.

As a result of the government's failure to respond, I granted Cabrera Mejia's petition for a writ of habeas corpus, in part, on June 8, 2026. ECF No. 28. I ordered "the respondents to provide Cabrera Mejia with an individualized bond hearing where the government bears the burden of proving by clear and convincing evidence that Cabrera Mejia is either a danger to the community or a flight risk in order to deny him bond." ECF No. 28 at 4.

On June 16, 2026, the IJ held a bond hearing and denied Cabrera Mejia bond. ECF No. 30-4 at 2–3. The petitioner then filed the present motion to enforce my June 2026 order and, in doing so, brought other due process challenges, contending that his rights were violated because the "entire proceeding" was not translated in Spanish for him, the government failed to "establish[ ] that he was a flight risk or danger by clear and convincing evidence," and the IJ "den[ied] bond based on facts that are not supported by evidence." ECF No. 30 at 8–9.

The government argues that the Cabrera Mejia's request for relief is not ripe because he has not exhausted his administrative remedies. Specifically, the respondents note that he filed a motion to enforce my order rather than an appeal to the BIA of the IJ's bond denial decision. ECF No. 32 at 1. The government urges that the *Puga* factors weigh in favor of imposing the

requirement of administrative exhaustion here. ECF No. 32 at 4–6 (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). Cabrera Mejia disagrees, contending that I have the authority to review compliance with my prior order or, alternatively, that I should waive the exhaustion requirement because exhaustion would be futile or he would be subject to irreparable harm. ECF No. 33 at 2–5.

**I. ANALYSIS**

The Ninth Circuit has held that, in the absence of a statute explicitly requiring exhaustion of available administrative remedies, courts may require prudential exhaustion after weighing certain factors. Those factors are whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga*, 488 F.3d at 815 (quotation omitted). The BIA, however, "has no jurisdiction to decide questions of the constitutionality of the immigration laws." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). That said, the "BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process," and "[a] procedural error may be of constitutional magnitude without depriving the BIA of the authority to correct it." *Id.* Thus, I "will not hear claims that have not been presented to the BIA simply because they have been labelled constitutional questions; [but I] will not require a petitioner to engage in the futile exercise of making a motion to reopen when the BIA lacks the jurisdiction to entertain the claim." *Id.* In conformity with *Liu*, I consider whether each of the arguments Cabrera Mejia presents should be subjected to administrative exhaustion as urged by the government.

First, I may review whether the IJ complied with my June 2026 order. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief."). Cabrera Mejia argues that the IJ "failed to apply the legal standard" that I ordered when the IJ evaluated whether Cabrera Mejia was eligible for bond because the IJ "decided for the first time that [he] was subject to mandatory detention" under 8 U.S.C. § 1226(c). ECF No. 30 at 9–10. The government acknowledges that "the IJ stated that [Cabrera Mejia] is subject to mandatory detention" but contends that the IJ "further determined that [he] is a danger" to the community and "thus [is] ineligible for release." ECF No. 32 at 10.

The IJ did not violate my order. The IJ complied with my directive when she determined that the government had met its burden by clear and convincing evidence to demonstrate that Cabrera Mejia was a danger to community due to his prior controlled substance and obstruction of justice convictions. ECF No. 31 at 0:31:24–0:33:09.[1] The IJ specifically acknowledged that the government bore the burden to show by clear and convincing evidence that he should be detained. *Id.* at 0:02:13, 0:16:01, 0:17:25, 0:25:55. The government also acknowledged that it bore that burden. *Id.* at 0:05:48, 0:17:32–0:17:50. Consequently, I find no violation of my order.

Second, Cabrera Mejia's argument that his due process rights were violated because the "entire proceeding" (i.e., bond hearing) was not translated in Spanish for him is properly subject to initial review by the BIA.[2] It is undisputed that approximately one minute and thirty seconds of the bond hearing was not translated into Spanish, which corresponds to when the IJ and respondents were conversing to clarify the government's argument. ECF Nos. 30 at 11 & n.39;

---

[1] The cited times are approximate.

[2] My order did not mandate translation. *See* ECF No. 28. Thus, this issue is not an allegation that the respondents or the IJ violated my order.

32 at 10–11. Due process claims that are procedural in nature, such as "incompetent translation," must be exhausted before the BIA. *Meihua Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008) (citing *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004), *abrogated on other grounds by Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024)). I thus deny this portion of the motion without prejudice to Cabrera Mejia raising it on appeal to the BIA.

Finally, Cabrera Mejia argues that his due process rights were violated because the IJ denied him bond without the government having met its burden of proof and because the IJ relied upon facts unsupported by the evidence. ECF No. 30 at 9. He therefore challenges the IJ's discretion in weighing the applicable factors to determine whether to grant bond and takes issue with the IJ's fact findings. ECF No. 30 at 12–16. Both arguments amount to "merely a disagreement with the merits of the IJ's decision, which [I] lack jurisdiction to review." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022). Such arguments must be presented to the BIA. I thus deny this portion of the motion without prejudice to Cabrera Mejia raising it on appeal to the BIA.

## II. CONCLUSION

I THEREFORE ORDER that petitioner Cristofer Cabrera Mejia's motion to enforce my June 8, 2026 order **(ECF No. 30) is DENIED**.

DATED this 14th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE